## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY SUE PAPP and STEVEN PAPP,<br><br>　　Plaintiffs,<br><br>v.<br><br>FORE-KAST SALES CO., INC.,<br>HONEYWELL INTERNATIONAL, INC.,<br>f/k/a Allied Signal, Inc. as<br>successor-in-interest to The<br>Bendix Corporation, NEW<br>BRUNSWICK PLATING CO., f/k/a<br>New Brunswick Nickel and<br>Chrome Plating, UNION CARBIDE<br>CORPORATION, JOHN DOE<br>CORPORATIONS 1-50,JOHN DOE<br>CORPORATIONS 51-100, GOODRICH<br>CORP., f/k/a B.F. Goodrich<br>Co., THE GOODYEAR TIRE AND<br>RUBBER CO., and THE BOEING<br>COMPANY, individually and as<br>successor by merger to the<br>McDonnell Douglas Corporation,<br><br>　　Defendants. | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>Civil Action No.:<br>3:13-cv-05940-PGS-DEA<br><br>Transferred from the Superior<br>Court of New Jersey, Law<br>Division, Middlesex County,<br>Docket No. MID-L-5186-13AS<br><br><br>**Civil Action – Asbestos<br>Litigation**<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS'<br>MOTION TO REMAND** |

Szaferman, Lakind,
　Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

Levy Phillips & Konigsberg, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400
Attorneys for Plaintiffs

On the Brief:

Jeffrey P. Blumstein, Esq.

875474.3

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 5

## LEGAL ARGUMENT

POINT I

THIS MATTER SHOULD BE REMANDED TO STATE COURT
BECAUSE THE NOTICE OF REMOVAL FILED BY BOEING
WAS UNTIMELY AND IT HAS NOT CARRIED ITS
BURDEN TO PROVE OTHERWISE . . . . . . . . . . . . . . . . . . 8

A.    The First Amended Complaint Provided a
      Sufficient Basis for Boeing to "Reasonably
      and Intelligently" Conclude That the First
      Amended Complaint Referred to "Aircraft
      Parts, Including, but Limited To, Landing
      Gears" for Which it Was Responsible. . . . . . . . 11

POINT II

THIS COURT MUST REMAND BECAUSE IT DOES NOT HAVE
THE SUBJECT-MATTER JURISDICTION TO ADJUDICATE
THIS NEW JERSEY STATE COURT ACTION . . . . . . . . . . . 14

A.    Boeing Improperly Removed this Action
      On Grounds of Federal Officer Jurisdiction . . . . 17

      1.   Boeing Has Failed to Satisfy Its
           Burden of Establishing the "Acting Under"
           and "Causal Nexus" prongs required in Feidt. . 20

      2.   Boeing Has Not Met its Burden of
           Proving That it Performed the Complained
           of Conduct While Acting under the Direct
           and Detailed Control of a Federal Officer . . 23

POINT III

ASSUMING, ARGUENDO, THAT REMAND IS NOT ORDERED
AS TO BOEING, ALL CLAIMS AGAINST OTHER DEFENDANTS
SHOULD BE SEVERED AND REMANDED TO THE SUPERIOR COURT
OF NEW JERSEY, LAW DIVISION . . . . . . . . . . . . . . . 25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

875474.3                                    i

## TABLE OF AUTHORITIES

### FEDERAL CASES

Abels v. State Farm Fire & Cas. Co.,
770 F.2d 26 (3rd Cir. 1985) . . . . . .   8

Blow v. Liberty Travel, Inc.,
550 F.Supp. 375 (E.D.Pa. 1982) . . . .   9

Boyer v. Snap-on Tools Corp.,
913 F.2d 108 (3rd Cir. 1990),
cert. denied, Snap-On Tools Corp.
v. Boyer, 498 U.S. 1085, 111 S.Ct. 959,
112 L.Ed.2d 1046 (1991) . . . . . . . .   8

Carroll v. United Air Lines, Inc.,
7 F.Supp.2d 516 (D.N.J. 1998) . . . . .   10

Connolly v. Aetna U.S. Healthcare, Inc.,
286 F.Supp.2d 391 (D.N.J. 2003) . . . .   11

DiMeglio v. Italia Crociere Internazionale,
502 F.Supp. 316, 319 (S.D.N.Y. 1980) .   10

Eyal Lior v. Sit,
913 F.Supp. 868 (D.N.J. 1996) . . . . .   9

Feidt v. Owens Corning Fiberglass Corp.,
153 F.3d 124 (3rd Cir. 1998)    2, 16, 17
                                20, 23, 24

Foster v. Mutual Fire, Marine & Inland Ins. Co.,
986 F.2d 48 (3rd Cir. 1993) . . . . . .   9, 10

Frieberg v. Swinerton & Walbert Property
Services, Inc.,
245 F.Supp.2d 1144 (D.Colo. 2002) . . .   16

Georgine v. Amchem Products, Inc.,
83 F.3d. 610 (3rd Cir. 1996), aff'd.,
Amchem Products, Inc. v. Windsor,
521 U.S. 591, 117 S.Ct. 2231,
138 L.Ed.2d 689 (1997) . . . . . . . .   1

Good v. Armstrong World Industries, Inc.,
914 F.Supp. at 1125 (E.D. Pa. 1996) . .   18

Holdren v. Buffalo Pumps, Inc.,
614 F.Supp.2d 129 (D.Mass. 2009) . . . .   24

Lewis v. Asbestos Corp., Ltd.,
2012 WL 3240941 (D.N.J. 2012) . . . . .   20, 21

Link Telecommunications, Inc. v. Sapperstein,
    119 F.Supp.2d 536, 544 (D.Md. 2000) . .        13

Mesa v. California,
    489 U.S. 121, 109 S.Ct. 959,
    103 L.Ed.2d 99 (1989) . . . . . . . . .         18, 19

Moore v. Turner Const. Co.,
    2008 WL 4723017 (D.N.J. 2008) . . . . .         16

Mountain Ridge State Bank v. Investor
    Funding Corp.,
    763 F.Supp. 1282 (D.N.J. 1991) . . . .          9

New Jersey Dept. of Environmental Protection
    v. Dixo Company, Inc.,
    2006 WL 2716092 (D.N.J. 2006) . . . . .          16

New Jersey Dept. of Environmental Protection
    v. Exxon Mobil Corp.,
    381 F.Supp.2d 398 (D.N.J. 2005) . . . .          16, 18, 19

Orthopedic Specialists of New Jersey PA v.
    Horizon Blue Cross/Blue Shield of
    New Jersey,
    518 F.Supp.2d 128 (D.N.J. 2007) . . . .         16, 20, 22

In re Patenaude,
    210 F.3d 135 (3d Cir.), cert. den.,
    Patenaude v. Owens-Illinois, Inc.,
    531 U.S. 1011, 121 S.Ct. 565,
    148 L.Ed.2d 484 (2000) . . . . . . . .          1

Regional Medical Transport, Inc. v.
    Highmark, Inc.,
    541 F.Supp.2d 718 (E.D.Pa. 2008) . . . .        17, 18

Santos v. Norfolk Southern Ry. Co.
    2008 WL 4694558 (E.D.PA. 2008) . . . . . .       10

Sikirica v. Nationwide Ins. Co.,
    416 F.3d 214 (3rd Cir. 2005) . . . . .          9

Steel Valley Authority v. Union Switch and
    Signal Div.,
    809 F.2d 1006 (3rd Cir. 1987) . . . . .         8, 9, 10

THS Co., LLC v. Sheraton World Resort Orlando
    2006 W.L. 3731205 (D.N.J. 2006) . . . .         10

United Republic Ins. Co., in Receivership v.
    Chase Manhattan Bank,
    315 F.3d 168 (2nd Cir. 2003) . . . . .          26

878485.1                        iii

Watson v. Philip Morris Companies, Inc.,
       551 U.S. 142, 127 S.Ct. 2301,
       168 L.Ed.2d 42 (2007) . . . . . . . . . .     15

Williams v. General Elec. Co.,
       418 F.Supp.2d 610 (M.D.Pa. 2005) . . . .     16

Willingham v. Morgan,
       395 U.S. 402, 89 S.Ct. 1813,
       23 L.Ed.2d 396 (1969) . . . . . . . . . .     15

### FEDERAL RULES AND STATUTES

28 U.S.C. § 1331 . . . . . . . . . . . . . . .     14

Jurisdiction and Venue Clarification Act of 2011
       28 U.S.C. §1441    . . . . . . . . . . . . .     2,  14,  25

28 U.S.C. § 1442                                   2,   4,  14
                                                   15

28 U.S.C. § 1446 . . . . . . . . . . . . . . .     4,  8,  9

F.R.C.P. 21 . . . . . . . . . . . . . . . . .     26

## PRELIMINARY STATEMENT

Plaintiff, Mary Sue Papp ("Plaintiff"), was diagnosed with mesothelioma in September of 2011. (Notice of Removal, Document 1-4, Exhibit D at p. 7).[1] The Third Circuit has acknowledged that mesothelioma is an "invariably fatal cancer ... for which asbestos exposure is the only known cause ...". In re Patenaude, 210 F.3d 135, 138 (3rd Cir.), cert. den., Patenaude v. Owens-Illinois, Inc., 531 U.S. 1011, 121 S.Ct. 565, 148 L.Ed.2d 484 (2000). Those who suffer from mesothelioma, like Mrs. Papp, "generally [die] within two years of diagnosis", during which time "mesothelioma victims invariably suffer great pain and disability."[2] Georgine v. Amchem Products, Inc., 83 F.3d. 610, 633 (3rd Cir. 1996), aff'd., Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Plaintiffs' Motion for Remand is made pursuant to 28 U.S.C. § 1447(c). As set forth in greater detail below, Defendant's, The Boeing Company, individually and as successor by merger to the McDonnell Douglas Corporation ("Boeing"), removal is both procedurally and substantively defective. From a procedural perspective, Boeing's removal of this matter is untimely, as it was filed approximately fifteen (15) days too late.

---

[1] As used herein, "Notice of Removal" will refer to the Notice, with Exhibits, filed by Boeing on October 4, 2013 (Document 1); and "Blumstein Decl." shall refer to the accompanying Declaration of Counsel, with Exhibits.

[2] Here, Mrs. Papp's video deposition was taken on September 5, 2013 because she was "terminally ill with a short life expectancy." (Boeing Notice of Removal, Exhibit C, Document 1-4 at 2 of 19).

Substantively, Boeing's removal petition fails to trigger this Court's jurisdiction under the Federal Officer Removal Statute. See 28 U.S.C. § 1442(a)(1). In that regard, Boeing has not established the "acting under", "causal nexus" and/or "colorable government contractor defense" elements necessary to invoke federal officer jurisdiction. Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 127 (3rd Cir. 1998).

In the alternative, even if this Court retains jurisdiction over Mrs. Papp's claims against Boeing, it should nevertheless sever and remand Plaintiffs' state-based causes of action against the remaining six Defendants in accordance with the provisions of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. See 28 U.S.C. § 1441(c)(B)(2).

875474.3

2

## PROCEDURAL HISTORY

On August 13, 2013, Plaintiffs, Mary Sue Papp and Steven Papp ("Plaintiffs"), filed a Complaint asserting state law causes of action against four Defendants, Fore-Kast Sales Co., Inc. ("Fore-Kast"); Honeywell International, Inc., f/k/a Allied Signal, Inc. as successor-in-interest to The Bendix Corporation ("Honeywell"); New Brunswick Plating Co., f/k/a New Brunswick Nickel and Chrome Plating ("New Brunswick Plating Co."); and Union Carbide Corporation ("Union Carbide"), in the Superior Court of New Jersey, Law Division, Middlesex County. (Notice Of Removal, Document 1-2, p. 2 in Exhibit A).

Plaintiffs' original Complaint was followed by a First Amended Complaint, filed in state court on or about August 19, 2013, in which Plaintiffs joined Defendants Goodrich Corp., f/k/a B.F. Goodrich Co. ("Goodrich"), the Goodyear Tire and Rubber Co. ("Goodyear"), and Boeing. (Notice Of Removal, Document 1-3, p. 2 in Exhibit B). Boeing was served with the Complaint on August 20, 2013. (Notice of Removal, Document 1, p. 2). Boeing never filed an Answer in the Superior Court of New Jersey. (Blumstein Decl., ¶ 3).

Plaintiffs' First Amended Complaint demanded that Boeing answer the Standard Interrogatories prescribed by the Asbestos Litigation General Order, a copy of which were contained in the Asbestos Manual and which "may be obtained from the Clerk or by visiting the following website:

875474.3

3

http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/attache.pdf". (Notice Of Removal, Document 1-3, Exhibit B at pp. 17-18 of 18). Boeing never answered these interrogatories prior to filing its Notice of Removal with this Court on October 4, 2013, forty-five (45) days after being served with the Complaint. (Blumstein Decl., ¶ 4).

In the Notice of Removal, Boeing asserts federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Boeing further asserts that its Notice of Removal was timely, even though it was filed forty-five (45) days after service. Boeing alleges that its removal was timely, pursuant to 28 U.S.C. § 1446(b)(3), because it did not have reason to know of federal officer jurisdiction until "Mrs. Papp stated at her deposition on September 5, 2013, that her first husband had worked on components of the C-47 braking system, i.e., landing gear" while employed from 1975 to 1978 at Defendant New Brunswick Plating Co. (Notice of Removal, Document 1, ¶ 6 at 4-5 of 11).

Although Boeing, as of September 5, 2013, was well within the thirty (30) day period provided by 28 U.S.C. § 1446 for filing a Notice of Removal to this Court, it did not do so until October 4, 2013. No other Defendant has filed a Notice of Removal, timely or otherwise, alleging federal jurisdiction over the claims made against them by Plaintiffs in state court.

875474.3                                           4

## STATEMENT OF FACTS

In Plaintiffs' First Amended Complaint, which Boeing received on August 20, 2013, Mrs. Papp alleged the following:

2.   Plaintiff, Mary Sue Papp, suffered take-home and bystander exposure to asbestos from her first husband, Robert Keck. Mr. Keck and Plaintiff were divorced in 1991. Mr. Keck was employed at New Brunswick Plating Co., f/k/a New Brunswick Nickel and Chrome Plating, from 1975 to 1978 where he worked on aircraft parts, including but not limited to landing gears, during which he was exposed to asbestos dust which he brought home on his clothing and person.

3.   Robert Keck was also employed at Fore-Kast Sales Co., Inc. from 1978 until the mid-1980s as a plumbing distributor, during which time he was exposed to asbestos dust which he brought home on his clothing and his person.

4.   Plaintiff, Mary Sue Papp, was exposed to asbestos dust which was brought home on Robert Keck's clothing and on his person, and was further exposed while laundering that clothing.

5.   Robert Keck also performed automotive repair work on his personal vehicles in Plaintiff Mary Sue Papp's presence and at their residences. This work generated asbestos dust which got on his clothing and his person. As a result, Plaintiff Mary Sue Papp was exposed to the asbestos dust on Mr. Keck's clothing and on his person, and was further exposed when handling and laundering that clothing.

875474.3                              5

6.    As a direct and proximate result of the above exposures, Mary Sue Papp contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

7.    Defendants ...; ... Boeing ... [and the other Defendants], were manufacturers, suppliers or distributors of asbestos fibers, dust, minerals, particles and other finished and unfinished asbestos products to which Plaintiff, Mary Sue Papp, was exposed.  (Emphasis added).

(Notice Of Removal, Document 1-3, p. 4-6 of 18 in Exhibit B).

The First Amended Complaint also contained an explicit Disclaimer of Federal Jurisdiction.  (Notice of Removal, Document 1-3, p. 16 of 18 in Exhibit B).  The Disclaimer made it clear that Plaintiffs' claims with regard to military equipment, including aircraft, were:

> not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that the United States Government or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code.  This disclaimer pertains to all of Plaintiffs' claims, including those of negligence and products liability, as asserted herein.

(Id.).  The claims contained in Plaintiffs' First Amended Complaint against Boeing, and all other Defendants, exclusively assert causes of action that arise under New Jersey common law.

875474.3

6

The First Amended Complaint highlighted three sources of exposure:  (1) from 1975 through 1978, related to work done by Mary Sue Papp's then husband, Robert Keck, at Defendant New Brunswick Plating Co. where he worked on aircraft parts including, but not limited to, landing gears; (2) at Defendant Fore-Kast, a plumbing distributor, from 1978 through the mid-1980's; and (3) automotive repairs by Mr. Keck on personal vehicles at their residences.

McDonnell Douglas Corporation merged into The Boeing Company in approximately 1997.  Both McDonnell Douglas and Boeing were aircraft manufacturers of longstanding.  According to Boeing, the then U.S. Army Aircorp's first ordered a plane "built to its own specifications" that eventually became the C-47 supply plane in 1941.  The C-47 remained in active service "long after the end of World War III", and "saw action in the ... Vietnam wars." (Blumstein Decl., ¶ 5 and Ex. A).

## LEGAL ARGUMENT

### POINT I

**THIS MATTER SHOULD BE REMANDED TO STATE COURT BECAUSE THE NOTICE OF REMOVAL FILED BY BOEING WAS UNTIMELY AND IT HAS NOT CARRIED ITS BURDEN TO PROVE OTHERWISE**

The removing party bears the burden of establishing the propriety of the removal when confronted with a motion to remand a case to state court. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990), cert. denied, Snap-On Tools Corp. v. Boyer, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). It remains the removing party's burden to show the existence and continuance of federal jurisdiction "through judgment if not beyond." Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987). These general principles, which guide the exercise of a federal court's removal jurisdiction, have developed because a lack of jurisdiction would make any decree void and the continuation of the litigation in federal court futile. (Id.); see also, Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3rd Cir. 1985).

Courts are required to strictly construe removal statutes and resolve all doubts in favor of remand. Steel Valley Authority v. Union Switch and Signal Div., supra, at 809 F.2d 1010. Thus, an action that has been removed to federal court may be remanded to state court on the basis of a defect in the removal procedure. 28 U.S.C. § 1446(c). The removing party is,

875474.3                                    8

therefore, obligated to demonstrate that removal was timely. Steel Valley Authority v. Union Switch and Signal Div., supra, 809 F.2d at 1011. While the time limitations for removal are not jurisdictional, they are mandatory and are to be strictly construed when asserted by a party. Eyal Lior v. Sit, 913 F.Supp. 868, 874 (D.N.J. 1996); Mountain Ridge State Bank v. Investor Funding Corp., 763 F.Supp. 1282, 1287 (D.N.J. 1991). As a result, the time limitations established by 28 U.S.C. § 1446(b) "cannot be extended by the Court." Blow v. Liberty Travel, Inc., 550 F.Supp. 375, 376 (E.D.Pa. 1982).

The time in which a removal petition must be filed is set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, under 28 U.S.C. § 1446(b), a defendant must file a Notice of Removal within thirty days of receiving a complaint that notifies the removing party of federal jurisdiction. Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 49 (3rd Cir. 1993), *overruled on other grounds as recognized in* Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3rd Cir. 2005). Failure to do so will result in remand to state court.

875474.3

9

THS Co., LLC v. Sheraton World Resort Orlando, 2006 WL 3731205 at *2 (D.N.J. 2006). (Blumstein Decl., Ex. B).

In this Circuit, defendants have long been warned that, "Where court documents clearly provide notice [] of removability, they should do so, rather than protracting the litigation." Foster v. Mutual Fire, Marine & Inland Ins. Co., supra, 986 F.2d at 53. Consequently, the Third Circuit follows the view that "when ... a complaint provides adequate notice to defendant of federal jurisdiction, the thirty-day period is triggered." (Id. at 49).

In determining whether the removal statute's thirty day period has been triggered, "the relevant test is not what the defendants purportedly knew, but what the [complaint] said." (Id. at 54). "In so ruling the district court must assume as true all factual allegations of the complaint ..." Steel Valley Authority v. Union Switch and Signal Div., supra. Therefore, § 1446(b)'s thirty day time period begins to run when a defendant can reasonably and intelligently conclude from the pleadings and circumstances that a case is removable to federal court. Santos v. Norfolk Southern Ry. Co., 2008 WL 4694558 (E.D.Pa. 2008) (Blumstein Decl., Ex. C); Carroll v. United Air Lines, Inc., 7 F.Supp.2d 516, 521 (D.N.J. 1998); DiMeglio v. Italia Crociere Internazionale, 502 F.Supp. 316, 319 (S.D.N.Y. 1980) (The thirty-day period begins running when the Defendant had a "clue as to existence of diversity jurisdiction.").

Here, Boeing received the First Amended Complaint on August 20, 2013, and did not file the Notice of Removal until October 4, 2013, which is forty-five (45), not thirty (30) days, after service.  When Boeing did eventually remove, it did so on the grounds of federal officer jurisdiction.  While a plaintiff's answers to deposition questions can constitute an "other paper" for purpose of triggering the time for removal under 28 U.S.C. § 1446(b), Connolly v. Aetna U.S. Healthcare, Inc., 286 F.Supp.2d 391, 398 (D.N.J. 2003), the deposition testimony provided by Mrs. Papp on September 5, 2013, cited to, but not attached, by Boeing, was not the triggering date here.

A.    The First Amended Complaint Provided a Sufficient Basis for Boeing to "Reasonably and Intelligently" Conclude That the First Amended Complaint Referred to "Aircraft Parts, Including, but Limited To, Landing Gears" for Which it Was Responsible.

Boeing cannot contest that it failed to remove this matter within 30 days after being served with Plaintiff's First Amended Complaint.  Therefore, in order to salvage its untimely removal, Boeing contends that it was not on notice that the action was removable until Mrs. Papp testified - at her deposition which took place within 30 days of the filing of the Notice of Removal on October 4, 2013 - that her first husband, Robert Keck, was exposed to asbestos dust while working on C-47 aircraft parts including, but not limited to, landing gears between 1975 through 1978 while employed by Defendant New Brunswick Plating Co.  This claim, however, simply does not withstand scrutiny.

875474.3                              11

The First Amended Complaint alleged that Mary Sue Papp's first husband, Robert Keck, suffered exposure to asbestos dust, which he brought home on his clothing and person, as a result of his employment at two specifically delineated employers and from work he did his on his personal cars at home. The first employment-related exposure was from 1975 through 1978 "where he worked on aircraft parts including, but not limited to, landing gears". The second was from 1978 through the mid 1980s while he worked for a plumbing distributor, Defendant Fore-Kast. The First Amended Complaint named seven separate Defendants. Boeing was clearly aware that the allegations relating to "aircraft parts, including, but not limited to, landing gears", was directed against it. This was obviously a "clue".

There is no dispute that the McDonnell Douglas Corporation merged into Boeing in 1997, and that Boeing became the successor to that corporation. There is also no dispute that Boeing itself was a longstanding manufacturer of aircraft. Boeing was the custodian of business records relating to both McDonnell Douglas and Boeing itself before the 1997 merger. The First Amended Complaint specifies the supplying of aircraft parts, including, but not limited to, landing gears, to a specific company, Defendant New Brunswick Plating Co., between 1975 and 1978. There is no indication in the Notice of Removal that Boeing made any attempt to determine from business records, including invoices and contracts, what type of airplane parts , including,

875474.3                        12

but not limited to, landing gears, that it supplied to Defendant New Brunswick Plating Co. between 1975 and 1978.

At a minimum, from the First Amended Complaint, and the circumstances, Boeing should have been able to ascertain that either it individually, or as successor to McDonnell Douglas, was being charged with supplying asbestos-containing aircraft parts. Whether these parts were for military or commercial aircraft, or both, this was a reasonable assumption from the pleadings.[3] There was nothing to indicate that the parts were related solely to commercial aircraft.

---

[3]    Including the specific Disclaimer relating to <u>military</u> aircraft and the Federal Officer Jurisdiction Defense.  The thirty (30) day clock for removal begins ticking when removability is first ascertainable.  The fact that a later "paper", such as a deposition, reconfirms removability does not extend the date for removal.  <u>See</u> <u>Link Telecommunications, Inc. v. Sapperstein</u>, 119 <u>F.Supp.2d</u> 536, 544 (D.Md. 2000).

875474.3                                  13

## POINT II

### THIS COURT MUST REMAND BECAUSE IT DOES NOT HAVE SUBJECT-MATTER JURISDICTION TO ADJUDICATE THIS NEW JERSEY STATE COURT ACTION

Even if Boeing's Notice of Removal was timely filed, this Court does not have subject matter jurisdiction over Plaintiffs' claims. Boeing has not met its burden of establishing jurisdiction in its Notice of Removal, which is entirely devoid of evidence demonstrating that Boeing is, as it claims, a "federal officer" entitled to remove this action pursuant to the Federal Officer Removal Statute. 28 U.S.C. § 1442(a)(1). Likewise, Boeing has failed to demonstrate the existence of any federal question in Plaintiffs' First Amended Complaint which gives rise to jurisdiction under 28 U.S.C. § 1331 or subjects this state court action to removal in accordance with 28 U.S.C. § 1441(b).

Boeing removed this action on the sole grounds of federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1), sometimes referred to as the Federal Officer Removal Statute ("F.O.R.S."). 28 U.S.C. § 1442(a)(1) provides as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . .

Unlike the strict interpretation principles favoring remand employed with other removal statutes, the F.O.R.S. is generally interpreted less restrictively since the basic policy of protecting federal officers and the federal government "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Willingham v. Morgan, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). However, the United States Supreme Court subsequently qualified this statement, oft-invoked by defendants hoping to avoid remand, by clarifying that the "broad language is not limitless[,] [a]nd a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 127 S.Ct. 2301, 2305, 168 L.Ed.2d 42 (2007).

Liberal construction of the F.O.R.S. is constrained where a removing defendant is a private profit-seeking corporation, like Boeing, attempting to invoke the privileges usually reserved for actual federal officials, federal agencies or government employees. "Because it is premised on the protection of *federal* activity and an anachronistic mistrust of state courts' ability to protect and enforce *federal* interests and immunities from suit, private actors seeking to benefit from its provisions bear

875474.3                                    15

a special burden of establishing the official nature of their activities." Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144, 1150 (D.Colo. 2002)(emphasis in original).

District courts in the Third Circuit have adopted the reasoning that a private actor bears a "special burden" of showing the official nature of its activities. See Williams v. General Elec. Co., 418 F.Supp.2d 610, 614 (M.D.Pa. 2005); New Jersey Dept. of Environmental Protection v. Exxon Mobil Corp., 381 F.Supp.2d 398, 403 (D.N.J. 2005); Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey, 518 F.Supp.2d 128, 133 (D.N.J. 2007); New Jersey Dept. of Environmental Protection v. Dixo Company, Inc., 2006 WL 2716092 (D.N.J. 2006) (Blumstein Decl., Ex. D); Moore v. Turner Const. Co., 2008 WL 4723017 at * 4 (D.N.J. 2008) (Blumstein Decl., Ex. E). Private party defendants must carry this heightened burden because the policy reasons generally favoring removal and the existence of federal jurisdiction under § 1442 are not applicable.

In Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3rd Cir. 1998), the Third Circuit outlined the elements - all of which have to be met - in order for a private entity such as Boeing to remove to federal court. In order to invoke federal officer jurisdiction a private party must demonstrate that:

875474.3                                    16

(1) it is a 'person' within the meaning of the statute;
(2) the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office;
(3) it raises a colorable federal defense; and
(4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

Ibid.

Boeing has failed to satisfy any number of these elements. Here, Plaintiffs' First Amended Complaint explicitly states that their claims against Defendants such as Boeing are "based only on the theory ... of failure to warn." To that extent, the First Amended Complaint follows the District Court's determination to remand a similar case in Feidt v. Owens Corning Fiberglas Corp., supra, 153 F.3d at 127, where a "Fair reading of the Complaint and the activities of Westinghouse alleged on the record generated before this Court demonstrates that *plaintiffs' claims against Westinghouse are predicated solely upon the defendant's failure to warn persons such as the plaintiff…of the dangers of contact with asbestos*". (Emphasis in original).

A.    **Boeing Has Failed to Satisfy its Burden of Establishing the "Acting Under" and "Causal Nexus" Prongs Required by Feidt**

Boeing has failed to satisfy the "acting under" and "causal nexus" prongs in Feidt. While the Third Circuit has articulated these two requirements as distinct, "the questions tend to collapse into a single requirement: that the acts that form the basis for the state ... suit were performed pursuant to an officer's direct orders or to comprehensive and detailed

875474.3                                17

regulations." <u>Regional Medical Transport, Inc. v. Highmark, Inc.</u>, 541 <u>F.Supp.2d</u> 718, 724 (E.D.Pa. 2008); <u>See also</u> <u>New Jersey Dept. of Environmental Protection v. Exxon Mobil Corp.</u>, <u>supra</u>, 381 <u>F.Supp.2d</u> at 403.   In analyzing these prongs:

> Removal must be predicated upon a showing
> that the acts forming the basis of the state
> suit [i.e., failure to warn] were performed
> pursuant to an officer's direct orders or
> comprehensive and detailed regulations . . .
> By contrast, if the corporation establishes
> only that the relevant acts occurred under
> the general auspices of federal direction
> then it is not entitled to § 1442(a)(1)
> removal.

<u>Good v. Armstrong World Industries, Inc.</u>, 914 <u>F.Supp.</u> 1125, 1128 (E.D.Pa. 1996).

In order to meet its burden as to the "acting under" and "causal nexus" prongs, "[a defendant] <u>must</u> set forth evidence showing that it did, <u>in fact</u>, act under a federal officer". <u>Good v. Armstrong World Industries, Inc.</u>, <u>supra</u>, 914 <u>F.Supp.</u> at 1129. (emphasis added).   This pleading framework makes sense since:

> Section 1442(a) ... is a pure jurisdictional
> statute, seeking to do nothing more than
> grant district court jurisdiction over cases
> in which a federal officer is a defendant.
> Section 1442(a), therefore, cannot
> independently support Art. III "arising
> under" jurisdiction. Rather, it is the
> raising of a federal question in the
> officer's removal petition that constitutes
> the federal law under which the action
> against the federal officer arises for Art.
> III purposes. The removal statute itself
> merely serves to overcome the "well-pleaded
> complaint" rule which would otherwise
> preclude removal even if a federal defense
> were alleged.

875474.3                                18

Mesa v. California, 489 U.S. 121, 136-137, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989).[4]

In other words, district courts gain subject matter jurisdiction under the F.O.R.S. when a "federal officer" raises a "federal defense." But, the F.O.R.S. statute does not create the federal question and, when satisfied, serves only to give the district court the judicial power to resolve the federal question which arises when a defendant asserts a colorable federal defense.

Therefore, assuming Boeing has raised a colorable federal defense - which, as noted below, it does not - this Court still must find as a matter of law, and based upon the specific admissible evidence presented to the Court, that Boeing qualifies under Section 1442(a)(2) as a person acting under a federal officer. Unless Boeing can prove this, it cannot meet its burden of establishing this Court's subject matter jurisdiction over this purely state law failure to warn claim.

On the other hand, assuming Boeing is able to prove it was acting under a federal officer, it must still raise a colorable

---

[4]    See also New Jersey Dept. of Environmental Protection v. Exxon Mobil Corp., supra, 381 F.Supp.2d at 401 ("Section 1442 represents an exception to the general rule that removal of an action is governed by the claims asserted in the plaintiff's well-pleaded complaint...This is due to the fact that federal officer removal 'operates on the basis of issues generally thought to be defensive in character rather than on the content of the plaintiff's claim.' ...A defendant who is able to meet the requirements for removal under § 1442(a)(1) "gain[s] access to federal court [even] where no federal question is presented by the plaintiff."). (Internal quotations and citations omitted).

federal government contractor defense in order to satisfy the Constitutional basis for "arising under" jurisdiction required before any federal court has the power to preside over an action based purely upon state law claims.

1.    **Boeing Has Not Met its Burden of Proving That it Performed the Complained of Conduct While "Acting Under" the Direct and Detailed Control of a Federal Officer**

The second prong of Feidt requires a showing that the Plaintiffs' claims are based upon "Defendant's conduct 'acting under' a Federal Office."  Thus, it is the "complained-of activities" (i.e., the failure to warn) that must be shown to have been performed by Boeing "at the direction of Official Federal authority."  Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey, supra, 518 F.Supp.2d at 134.  This is a heightened, i.e., a "special burden" (Id. at 143) that must must be supported by competent evidence, not merely by unsworn general statements by counsel made in the Notice of Removal, not purporting to be made on personal knowledge.

In Lewis v. Asbestos Corp., Ltd., 2012 WL 3240941 (D.N.J. 2012) (Blumstein Decl., Ex. F), this court held that the requisite "direction" which had to be established was a showing:

> that the action in question was done under
> the direct and detailed control of a federal
> officer ... [The] control requirement can be
> satisfied by strong government intervention
> ... If a private party only establishes that
> the act in question 'occurred under the

general auspices of federal direction,'
removal is improper.

(Id. at *4). (citations omitted).

Here, the complained of action by Boeing is a failure to warn.  Plaintiffs have alleged that there was asbestos in the aircraft parts, including landing gears, worked on by Mrs. Papp's first husband, Howard Keck, in New Jersey between 1975 through 1978, for which Boeing is responsible.  That allegation must be accepted as true for purposes of this Motion.  What is missing from Boeing's Petition is specific factual evidence that from 1975 through 1978, or at an earlier period, Boeing, or its predecessor, McDonnell Douglas Corporation, was under direct instruction from the Federal government not to provide warnings regarding the dangers of asbestos inherent in sandblasting these parts.

Boeing does not deny that the aircraft parts alleged to be supplied to Defendant New Brunswick Plating Co. contained asbestos.  It merely states that "To the extent that the design or manufacture of these aircraft included asbestos-containing parts or components, such inclusion was required by the United States government in its detailed and precise specifications." (Notice of Removal, Document 1, at 6-7 of 11).  Boeing then goes on to state that:  "Further, some components that plaintiff alleges contain asbestos, such as the brakes, heat shields, and engines were furnished by the government and the government

875474.3                                          21

required Boeing to install them on the aircraft. Any decision regarding asbestos in these aircraft or the component parts thereof was under the full control and discretion of the United States government." (Id., at 7 of 11). No competent evidence is attached or cited to specifying what these "detailed and precise specifications" were, as provided to Boeing, or when[5] they were provided.

Most importantly, what is also absent, is any specific factual evidence, or even an allegation, that Boeing or McDonnell Douglas was under direct instructions from the Federal government not to provide warnings regarding the dangers of asbestos on the parts at issue. Since there is no evidence that the Federal government prevented Boeing, or McDonnell Douglas, from warning Mrs. Papp's first husband of the asbestos-related dangers inherent in its equipment, Boeing cannot establish the "complained-of activity" was performed "at the direction of official Federal authority." Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey, supra, 518 F.Supp.2d at 134. Plaintiffs' remand motion should therefore be granted due to Boeing's failure to satisfy the "acting under" prong required by Feidt.

---

[5] The C-47 is a plane whose original specifications originated in the early 1940's. (Blumstein Decl., Ex. A).

875474.3                                          22

2. **Defendant Has Also Not Met its Burden of Proving That There Is a "Causal Connection or Nexus" Between Plaintiffs' Claims and the Conduct it Allegedly Performed Under the Color of the Federal Office**

Being able to establish the existence of a colorable government contractor defense is not the same as establishing a causal nexus for purposes of federal removal jurisdiction under <u>Feidt</u>, <u>supra</u>. Such a federal defense can be asserted against state claims brought in state courts. The right to remove a case to federal court, however, is premised upon satisfying the causal nexus prong under <u>Feidt</u>.

In <u>Feidt</u>, the district court opinion on appeal involved the remand of a case back to state court. It was found that the Defendant had established that it was acting under the direction, control and supervision of a federal officer and "presented a colorable claim to the government contractor defense". <u>Feidt v. Owens Corning Fiberglas Corp.</u>, <u>supra</u>, 153 <u>F.3d</u> at 127. However, remand was still appropriate because the defendant had "failed to establish the necessary causal connection between the conduct upon which Feidt's claim of state law liability was based (<u>i.e.</u>, the failure to warn) and the conduct that the defendant allegedly performed under federal direction (<u>i.e.</u>, its federal military contract obligations). In particular, the district court held that the defendant did not present evidence that the Navy prohibited it from issuing warnings with respect to the use of asbestos insulation." (<u>Id.</u>).

875474.3                           23

What is alleged here by Plaintiffs is that Boeing failed to warn about the dangers of asbestos in its aircraft parts including but not limited to landing gear. Boeing may or may not, as ultimately determined in discovery, have followed explicit directions from government officials as to what general warnings had to be provided with the brakes or landing gear. However, a decision or direction to warn about one hazard is qualitatively different than a decision or direction specifically not to warn about another hazard:

> Rather, the decision not to warn about a particular hazard involves a separate discretionary judgment and requires separate proof. See Tate v. Boeing Helicopters, 55 F.3d 1150, 1156 (6th Cir.1995). In order for a contractor to avoid liability, the decision not to warn must be the government's, not the contractor's, and it must reflect a federal interest incompatible with the important health and safety requirements of state law.

Holdren v. Buffalo Pumps, Inc., 614 F.Supp.2d 129, 137 (D.Mass. 2009)).

Boeing has not provided any proof whatsoever to suggest that explicit directions were given by the government not to provide warning about the hazards of asbestos. Because the "decision not to warn" was a discretionary one made by Boeing, or McDonnell Douglas, not a government-imposed requirement, there can be no causal connection between Plaintiffs' claims and any conduct allegedly performed by Boeing "under the color of a federal office." Feidt v. Owens Corning Fiberglas Corp., supra., 153 F.3d at 127. Therefore, Boeing's failure to satisfy the causal nexus prong of Feidt requires remand.

875474.3                                      24

## POINT III

### ASSUMING, ARGUENDO, THAT REMAND IS NOT ORDERED AS TO BOEING, ALL CLAIMS AGAINST OTHER DEFENDANTS SHOULD BE SEVERED AND REMANDED TO THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION

Apart from Boeing, no other Defendant has sought the removal of Plaintiffs claims to federal court. Therefore, even if this Court retains jurisdiction over the claims advanced by Plaintiffs against Boeing, the claims against the remaining Defendants should be severed and remanded to the Superior Court of New Jersey.

The fact that severance and remand of Plaintiffs' claims against all other defendants is the proper course of action was made clear by Congress in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act"), 28 U.S.C. § 1441(c)(B)(2), which provides in part:

> (c)(1) If the civil action includes–
>
> \* \* \*
>
> (B) a claim not within the original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (c)(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. (emphasis added).

875474.3                                    25

The Legislative History for the Act further provides that:

> This section of the bill was intended to make changes to better serve the purpose for which the statute was originally designed, namely to provide a federal forum for the resolution of Federal claims that fall within the original jurisdiction of the federal courts. The amendment to subsection 1441(c) would permit the removal of the case but require that a district court remand unrelated state law matters.  This sever-and-remand approach is intended to cure any constitutional problems while preserving the defendant's rights to remove claims arising under federal law."

H.R. Rep. 112-10 at 12 (2011).

The authority to sever claims against any party was, and has always been, within this Court's discretion under F.R.C.P. 21. See also United Republic Ins. Co., in Receivership v. Chase Manhattan Bank, 315 F.3d 168, 170 (2nd Cir. 2003) ("If the district court determines that a party is nondiverse and dispensable, the court may sever that party and still preserve its judgment over the claims of the remaining parties.").  The Act clarifies that severance and remand is the appropriate procedure when unrelated state claims, such as those involved here, are swept into federal court by way of a Notice of Removal filed by a party who can assert a right to be there.

875474.3                                26

## CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion to Remand. The removal petition filed by Boeing is defective procedurally, as it was not filed within thirty (30) days of service of Plaintiffs' First Amended Complaint, and it is defective substantively, as it does not meet its burden of establishing the subject matter jurisdiction of this Court. Nevertheless, if this Court retains jurisdiction over Plaintiffs' claims against Boeing, it should sever and remand the state law causes asserted against the remaining Defendants.

Respectfully submitted,

SZAFERMAN, LAKIND,
 BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiffs


By:  /s/ Jeffrey P. Blumstein
     Jeffrey P. Blumstein, Esq.
     Attorney ID No. 002051974

cc:  Marc S. Gaffrey, Esq.
     All Counsel
     John Guinan, Esq.

875474.3                         27